955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Newton C. ESTES, Petitioner-Appellant,
v.
WARDEN, UTAH STATE PRISON, Respondent-Appellee.
 No. 91-4091.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of a decision of the district court dismissing petitioner Newton Estes's habeas corpus petition as a mixed petition, containing both exhausted and unexhausted claims. We agree with the district court that Estes's petition was properly dismissed as a mixed petition. See Rose v. Lundy, 455 U.S. 509 (1982). However, since the district court's dismissal, it appears that the Utah Supreme Court has denied certiorari on Estes's unexhausted claim. Therefore, we remand for the district court to consider whether petitioner has now exhausted his state remedies and for further proceedings if that is the case.
 
 
 3
 We GRANT the motion to proceed in forma pauperis and the certificate of probable cause. We VACATE the opinion of the district court and REMAND for further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has not precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3